IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN B. HURLEY | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § |
| | § NO. 3-08-CV-2018-P |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| | § |
| Respondent. | § |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Glenn B. Hurley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

A jury convicted petitioner of three counts of aggravated sexual assault of a child. Punishment, enhanced by a prior conviction for aggravated sexual assault of a child, was assessed at life imprisonment in each case. All three convictions were affirmed, as modified, on direct appeal. *Hurley v. State*, Nos. 05-05-01462-CR, 05-05-01463-CR & 05-05-01464-CR, 2006 WL 1452504 (Tex. App.--Dallas, May 26, 2006).[1] A petition for discretionary review was dismissed as untimely. *Hurley v. State*, PD-940-06, PD-941-06 & PD-942-06 (Tex. Crim. App. Nov. 1, 2006). Petitioner also challenged his convictions in separate applications for state post-conviction relief. Two writs

---

[1] The judgments in each case were modified to reflect the correct date the offenses were committed. As modified, the judgments were affirmed. *Hurley*, 2006 WL 1452504 at *1.

were dismissed on procedural grounds. *Ex parte Hurley*, WR-70,581-01 & WR-70,581-02 (Tex. Crim. App. Sept. 10, 2008). It appears that a third writ still may be pending in the trial court. *Ex parte Hurley*, W04-73251-A (363rd Dist. Ct., Dallas Co., Tex.). Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

II.

Petitioner raises seven broad issues in 79 grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence is insufficient to support his convictions; (2) the indictments were defective; (3) the jury was empaneled in an unconstitutional manner; (4) the prosecutor withheld favorable evidence, engaged in unlawful conduct, and made an improper closing argument; (5) the trial court committed multiple errors that deprived him of a fair trial; (6) he received ineffective assistance of counsel; and (7) the appeals court failed to remove his appellate lawyer. In a separate pleading, petitioner alleges that he was denied due process during the state habeas proceeding.

Respondent has filed a preliminary response suggesting that this case may be barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on March 5, 2009. The court determines that all claims relating to petitioner's trial and resulting convictions are barred by limitations. Petitioner's claim that he was denied due process during the state habeas proceeding should be denied on the merits.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was convicted of three counts of aggravated sexual assault of a child and sentenced to life imprisonment in each case. His convictions were affirmed by the Texas court of appeals on May 26, 2006. At petitioner's request, the deadline for filing a PDR was extended until August 25, 2006. Petitioner was duly notified of this deadline and warned that "NO FURTHER EXTENSIONS WILL BE ENTERTAINED." Although petitioner alleges that he mailed his PDR to the state appeals court on August 23, 2006, the mailing was returned for insufficient postage. Petitioner ultimately

filed his PDR, along with a second motion for extension of time, on September 25, 2006.[2] The motion for extension of time was denied on October 28, 2006, and the PDR was dismissed as untimely on November 1, 2006. Petitioner also filed three applications for state post-conviction relief on October 12, 2007. Two applications were dismissed on September 10, 2008. The other application remains pending in the trial court. Petitioner filed this action in federal district court on October 29, 2008.

The limitations period with respect to those claims related to petitioner's trial and resulting convictions started to run on August 25, 2006--the date his PDR was due. *See Mims v. Cockrell*, Nos. 3-02-CV-2276-L, 3-02-CV-2309-L, 3-02-CV-2310-L, 3-02-CV-2311-L & 3-02-CV-2312-L, 2003 WL 21659394 at *2 (N.D. Tex. Mar. 31, 2003), *appeal dism'd*, No. 03-10396 (5th Cir. Jul. 14, 2003) (where petitioner fails to file PDR by deadline established by state court, AEDPA limitations period begins to the run on the date PDR was due). Yet petitioner waited more than a year to seek post-conviction relief in state or federal court. In an attempt to excuse this delay, petitioner contends that his PDR was timely filed and should have been addressed on the merits. Had the PDR been denied instead of dismissed, petitioner would have had an additional 90 days to file a petition for writ of certiorari to the United States Supreme Court, thereby postponing the running of the AEDPA statute of limitations until January 30, 2007. *See Segura Martinez v. Quarterman*, No. 3-08-CV-0316-L, 2008 WL 2673760 at *2 (N.D. Tex. Jun. 25, 2008) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires).

Petitioner's argument is based on the mistaken belief that the mailing of his PDR complied with the requirements of Tex. R. App. P. 9.2(b). Under this rule:

---

[2] Petitioner alleges that he remailed his PDR on September 6, 2006. However, it appears that petitioner may have mailed this document to the Texas Court of Criminal Appeals, instead of the Texas court of appeals, which accounts for the delay in filing. *See* TEX. R. APP. P. 68.3 (PDR must be filed with the clerk of the court of appeals).

> A document received within ten days after the filing deadline is considered timely filed if:
>
> (A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail;
>
> (B) it was placed in an envelope or wrapper properly addressed and stamped; and
>
> (C) it was deposited in the mail on or before the last day for filing.

TEX. R. APP. P. 9.2(b)(1). Although petitioner mailed his PDR to the state appeals court on August 23, 2006--two days before the expiration of the August 25, 2006 filing deadline--it was returned to petitioner for insufficient postage. Petitioner cannot avail himself of Rule 9.2(b) with respect to that mailing because his PDR was not placed in an envelope with proper postage and was never delivered to the proper court. Nor did petitioner satisfy the requirements of the rule when he remailed his PDR after the expiration of the August 25, 2006 filing deadline. Because the Texas Court of Criminal Appeals properly dismissed the PDR as untimely, there is no basis for postponing the AEDPA limitations period for 90 days. *See Bautista v. Dretke*, No. 3-04-CV-0751-P, 2004 WL 2049301 at *3 (N.D. Tex. Sept. 13, 2004), *rec. adopted*, 2004 WL 2534234 (N.D. Tex. Nov. 4, 2004) ("Gratuitously adding ninety days for finality of judgment is [ ] improper when a PDR is refused as untimely filed.").

In the alternative, petitioner argues that he is entitled to equitable tolling because he did not have access to postal scales and could not determine the proper amount of postage for mailing his PDR. Even if lack of access to postal scales could be viewed as an "extraordinary circumstance," equitable tolling requires a petitioner to diligently pursue habeas relief. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000). Petitioner wholly fails to explain why he waited until October 12, 2007--more than 11 months after his PDR was dismissed--

before filing a state writ of habeas corpus. This unexcused delay suggests that petitioner did not diligently pursue his state post-conviction remedies and justifies rejecting his equitable tolling argument outright. *See, e.g. Gundrum v. Quarterman*, 191 Fed.Appx. 313, 314, 2006 WL 2051053 at *1-2 (5th Cir. Jul. 24, 2006) (petitioner who waited nine months after PDR was denied before filing state writ, leaving only 90 days before the end of the limitations period, did not act with diligence and was not entitled to equitable tolling); *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000) (petitioner who waited almost one year to file state writ not entitled to equitable tolling); *Warren v. Quarterman*, No. 3-06-CV-1529-M, 2006 WL 3478055 at *2 (N.D. Tex. Nov. 30, 2006), *COA denied*, No. 07-10084 (5th Cir. Dec. 11, 2007) (same as to petitioner who waited 346 days to file state writ); *Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *4 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005), *COA denied*, No. 05-10959 (5th Cir. Mar. 30, 2007) (same as to petitioner who waited 350 days to file state writ).

Nor is petitioner entitled to equitable tolling because of any delay in the review of his state writs. By the time petitioner sought post-conviction relief, the AEDPA statute of limitations had already expired. To the extent petitioner seeks equitable tolling due to his ignorance of the law and *pro se* status, these excuses also must be rejected. *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (same as to illiteracy, lack of representation, and unfamiliarity with legal process). The court therefore determines that all claims relating to petitioner's trial and resulting convictions are barred by limitations.

C.

In a separate pleading, petitioner alleges that he was denied due process during the state habeas proceeding. This claim, which did not accrue until his state writs were dismissed on September 10, 2008, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and resulting convictions are time-barred and should be dismissed on limitations grounds. Petitioner's claim that he was denied due process during the state habeas proceeding should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE